IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CR F BRANNON                                                                                                           PLAINTIFF
ADC #124405A

V.                                              NO: 5:13CV00016 DPM/HDY

JOHN O. LYTLE, *et al.*                                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>     proof, and a copy, or the original, of any documentary or
>     other non-testimonial evidence desired to be introduced at
>     the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>     Clerk, United States District Court
>     Eastern District of Arkansas
>     600 West Capitol Avenue, Suite A149
>     Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff C.R.F. Brannon, an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 (docket entry #2), on January 23, 2013, alleging that he was denied adequate medical care for a knee injury. On September 18, 2013, Defendant Bernard G. Crowell filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #56-#58). Plaintiff filed a response on September 27, 2013 (docket entry #64). On November 15, 2013, Defendants Estella Bland, Troy Moore, and Corizon, Inc., filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #70-#72). A pre-jury evidentiary hearing was held on November 18, 2013, and Plaintiff was directed to respond to both motions for summary judgment. Plaintiff filed a response to both motions on November 26, 2013 (docket entry #74). Bland, Corizon, and Moore, replied to Plaintiff's response on December 2, 2013 (docket entry #75), and Crowell replied on December 3, 2013 (docket entry #76). Plaintiff objected to Defendants' motions on December 12, 2013 (docket entry #77). Crowell filed a response to the objection, along with a brief in support, on December 17, 2013 (docket entries #78 & #79).

**I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**II. Analysis**

According to Plaintiff's complaint, he injured his knee playing softball on September 2, 2009, and Defendants failed to provide him with adequate medical care.

<u>Defendants Bland, Moore, and Corizon</u>

Bland, Moore, and Corizon assert that they are entitled to summary judgment because Plaintiff did not exhaust his administrative remedies with respect to Bland and Corizon, that Plaintiff's claims against Corizon are based on an improper *respondeat superior* theory, and that the evidence demonstrates that they were not deliberately indifferent to his medical needs.

*Exhuastion*

The Court must first consider Defendants' argument that Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit. The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However, lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).

Although Defendants contend that Plaintiff failed to achieve proper exhaustion as to Bland and Corizon, they concede that Plaintiff's claims against Moore were properly exhausted in grievance CU-12-2130. It is clear that Plaintiff in that grievance is complaining about his medical care (docket entry #72-1, page #24). Even though the grievance may not have named all the personnel involved, the United States Court of Appeals for the Eighth Circuit has determined that such a failure is a procedural deficiency, and prison officials' acceptance and resolution of a procedurally deficient grievance serves to establish proper exhaustion. *See Bower v. Kelley*, 494 Fed.Appx. 718 (8th Cir. 2012) (unpublished per curiam). Although other cases may suggest otherwise, *see Jones v. Hobbs*, No. 12-2002 (8th Cir., January 22, 2013)(unpublished per curim), under the circumstances here, Defendants have failed to meet their burden to demonstrate that Plaintiff failed to properly exhaust his administrative remedies.

*Deliberate indifference*

Bland, Moore, and Corizon also assert that they were not deliberately indifferent to Plaintiff's medical needs. To succeed with an inadequate medical care claim, a plaintiff must allege

and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

The undisputed facts demonstrate that Defendant John Lytle performed a reconstruction of the left knee two days after the injury. Lytle saw Plaintiff again on July 28, 2010, due to ongoing pain complaints, and planned a total knee replacement. Lytle performed a left total knee replacement on August 27, 2010 (docket entry #72-2, page #11). Plaintiff continued to have problems, and Dr. William Warren referred Plaintiff to Crowell. Crowell first saw Plaintiff on February 28, 2012. On March 19, 2012, Crowell performed arthroscopic arthrolysis (docket entry #72-2, pages #17 & #18). Plaintiff returned for a post operation follow up on May 23, 2012 (docket entry #72-1, page #20). At that time, Crowell prescribed crutches or a cane, and recommended strengthening exercises.

Thus, Plaintiff has had three surgical procedures in an effort to address his knee problems. Plaintiff has also been prescribed pain medication, a cane, crutches, and footwear by Bland (docket entry #72-2, pages #31-#33). Although Plaintiff complains that he has been denied pain medication "of substance" (docket entry #74, page #5), Bland chose Salsalate because it is non-addicting, a

5

decision deemed appropriate by physicians Moore (docket entry #72-2, page #2), and Robert Floss, M.D. (docket entry #72-3, page #2). Moore saw Plaintiff only three times; twice on May 30, 2012, and once on August 29, 2012. The latter visit was for Plaintiff's knee problem, and Moore attempted to educate him to help him understand his knee condition. Moore also mailed Plaintiff information in order to help him understand his condition. Moore wrote in his affidavit that Plaintiff is 58 years old, will never recover to pre-knee injury status (docket entry #72-2), and that the care he received was medically appropriate. Bland, Corizon, and Moore, have also provided the affidavit of Robert Floss, M.D., who wrote that the treatment decisions of both Bland and Moore were appropriate (docket entry #72-3).

It is clear that Plaintiff has had extensive treatment for his knee. Two physicians have provided affidavits indicating that the treatment Plaintiff received was appropriate. In response, Plaintiff has provided no medical evidence to suggest his treatment was deficient. *See Dulany v. Carnahan*, 132 F.3d at 1240 (in the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). Accordingly, Bland, Moore, and Corizon, are entitled to summary judgment as to Plaintiff's federal constitutional claims.

Defendant Crowell

Crowell first saw Plaintiff on February 28, 2012, and on March 19, 2012, Crowell performed arthroscopic arthrolysis. Plaintiff returned for a post operation follow up on May 23, 2012, and Crowell recommended strengthening exercises. Crowell was not asked to see Plaintiff again.

As discussed above, even gross negligence does not rise to the level of a constitutional

violation. In this case, Plaintiff has failed to offer evidence to suggest Crowell's treatment was grossly incompetent or inadequate, or that some other course of treatment would have been more appropriate for his condition. Plaintiff's mere assertions that Crowell's care was deficient is insufficient to create a factual dispute. Accordingly, Crowell is entitled to summary judgment as to Plaintiff's federal constitutional claims.

Defendant John O. Lytle

Lytle is not a part of either pending motion for summary judgment. However, Lytle has never been served with the summons and complaint. *See* FED.R.CIV.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint). Accordingly, Plaintiff's claims against Lytle should be dismissed without prejudice.

Plaintiff's complaint should be dismissed in its entirety. The dismissal should be with prejudice regarding Plaintiff's federal constitutional claims against Crowell, Moore, Bland, and Corizon. Because Plaintiff's federal claims should be dismissed, the Court should decline to exercise jurisdiction over Plaintiff's state law claims and the dismissal should therefore be without prejudice as to any state law claim Plaintiff is attempting to bring, as well as any claim against Lytle. *See Gibson v. Weber*, 433 F.3d 642 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motions for summary judgment filed by Defendants Bernard G. Crowell, Troy

Moore, Estella Bland, and Corizon Inc. (docket entries #56 & #70), be GRANTED, and Plaintiff's complaint be DISMISSED.

    2.    Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his federal constitutional claims against Bernard G. Crowell, Troy Moore, Estella Bland, and Corizon Inc.

    3.    Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

    4.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __19__ day of February, 2014.

*[signature]*

UNITED STATES MAGISTRATE JUDGE