IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CR F BRANNON
ADC #124405A                                                           PLAINTIFF

v.                       No. 5:13-cv-16-DPM-HDY

JOHN O. LYTLE, Doctor, Corizon,
ADC; BERNARD G. CROWELL, Doctor,
Corizon/ADC; TROY MOORE, Doctor,
Corizon/ADC; ESTELLA BLAND, APN,
Cummins Unit, ADC; and CORIZON INC.                                   DEFENDANTS

## ORDER

Opposed recommendation, № 81, adopted as modified on *de novo* review. FED. R. CIV. P. 72(b)(3).

**1.** Brannon's claims against Dr. Lytle are dismissed without prejudice. The U.S. Marshal attempted to serve him twice by mail, but both times the summons was returned unexecuted. № 9 & № 39. It is unclear whether the second address was correct or not; the suit papers were returned unclaimed. It is Brannon's responsibility to provide a correct address. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)(*per curiam*). In any event, Brannon can still sue Dr. Lytle in another case.

**2.** Brannon says that, had he been given access to his medical records

or had proper legal counsel, he would have proven his deliberate indifference claims. *№ 82 at 2*. First, Brannon had access to all the documents Defendants possess about his medical care, including medical records. *№ 83 at 2*. Second, he received care from two different doctors and had three surgical procedures. *№ 72-1 & № 72-2*. Two other doctors reviewed Brannon's medical records and provided affidavits saying that the treatment Brannon received was appropriate. *№ 72-2 & № 72-3*. One doctor mailed Brannon information in an attempt to help him better understand his condition. *№ 72-2 at 4*. The Court does not see the kind of factual or legal complexity that would justify counsel. *Ward v. Smith*, 721 F.3d 940 (8th Cir. 2013)(*per curiam*).

**3.** Brannon also objects to his being denied the right to have witnesses present at his pre-jury hearing. Judge Young alerted him that witnesses would only be permitted if Brannon were unable to testify himself. *№ 42*. "For purposes of the evidentiary hearing, all of [Brannon's] testimony had to be (and was) regarded as true, see *Johnson v. Bi-State Justice Ctr.*, 12 F.3d 133, 135–36 (8th Cir. 1993), making other witnesses' testimony cumulative." *Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006). This resolves the issue as to proposed witnesses Hughes, Glover, and Esaw. *№ 47*. And because all

medical records were provided, there was no need for Krumpton or a records clerk from St. Vincent's hospital. *Ibid.* It is unclear whether the x-rays were ever provided; but Judge Young assumed, as has this Court, that Brannon's knee replacement was unsuccessful, so there was no evidentiary work for the x-rays to do.

4. The motions for summary judgment, № 56 & 70, are granted. And the Court certifies that an *in forma pauperis* appeal from the Order and the accompanying Judgment would not be taken in good faith.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 March 2014